# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Eric Ericson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:22-CV-03418 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Steven Robert Woloszyk, | ) | |
| Richard Peter Clark, | ) | |
| Rick Tulio Murawski, | ) | |
| aka Richard Tulio Murawski, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Eric Ericson brings this civil-rights lawsuit, 42 U.S.C. § 1983, against three police officers of the Saint Charles Police Department (Steven Woloszyk, Richard Clark, and Richard Murawski), asserting claims for unlawful search, excessive force, conspiracy, and failure to intervene. R. 1, Compl.[1] Ericson also asserts a state law claim, 720 ILCS 5/16–1.[2] The underlying events giving rise to Ericson's claims happened on April 30, 2019—three years before Ericson filed this lawsuit. The officers now move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint itself shows that the statute of limitations has expired on all of the counts. R. 13, Mot. Dismiss. For the reasons discussed in this Opinion, although a Rule 12(b)(6) is not the right mechanism, the Defendants are

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has federal-question jurisdiction over the § 1983 claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

correct that the federal claims were filed too late. The federal claims are dismissed and the Court relinquishes jurisdiction over the state law claim.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On April 30, 2019, Ericson was repairing a washing machine in the basement of a single-family home in St. Charles, Illinois, when police officer Richard Murawski entered the basement unannounced. Compl. ¶¶ 8–9. Murawski did not identify himself as a police officer, and Ericson ordered Murawski to leave immediately. *Id.* ¶¶ 9–10. Murawski left the basement but did not actually leave the house. *Id.* ¶¶ 10–11, 13.

Sometime later, Murawski chased Ericson into the backyard. Compl. ¶ 14. Murawski later tackled Ericson to the ground. *Id.* ¶ 17. After Ericson was tackled by Murawski, officer Steven Woloszyk put Ericson in a chokehold. *Id.* ¶ 20.[3] Then officer Richard Clark stepped on the back of Ericson's right knee and calf. *Id.* ¶ 29–30. During this incident, one of the Defendants took a flashlight from Ericson's pocket, and the flashlight was never returned. *Id.* ¶¶ 34–35. None of the officers ever identified themselves as police officers to Ericson. *Id.* ¶¶ 19, 26, 33. After this encounter, Murawski initiated charges against Ericson for aggravated battery and resisting arrest. *Id.* ¶ 39.

---

[3] Ericson also argues that Woloszyk's use of a chokehold violates Illinois law because 720 ILCS 5/7–5.5 prohibits a police officer from using a chokehold in the performance of his or her duties. Compl. ¶ 41. But this provision appears to be a criminal-code statute addressing the justifiable use of force, not an independent statutory cause of action.

On June 30, 2022, Ericson filed this lawsuit *pro se*. Compl. ¶¶ 42–74. The claims are somewhat sprawling, as does sometimes happen in *pro se* complaints: unlawful search (Count 1); second-degree attempted murder, and strangulation, excessive force, conspiracy, and failure to intervene (Count 2); aggravated battery, including torture, excessive force, conspiracy, and failure to intervene (Count 3); and something asserted as an armed-robbery state law claim for the theft of the flashlight (Count 4). Count 1 names Murawski only. Counts 2, 3, and 4 name Murawski, Woloszyk, and Clark as co-defendants.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police*

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Statute of Limitations.** But here the Defendants argue that the federal claims—unlawful search, excessive use of force, conspiracy, and failure to intervene— should be dismissed because they are time-barred. Mot. Dismiss at ¶ 4.[5] But Rule 12(b)(6) motions generally test the adequacy of a legal claim—not its timeliness. *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Indeed, the statute of limitations is an affirmative defense for which "a plaintiff ordinarily need not anticipate and attempt to plead around." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016); *N. Tr. Co.* at 888 (noting 12(b)(6) dismissal on statute of limitations grounds is "irregular"). But an exception to this rule applies where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy*

---

[5]Ericson briefly argues that Defendant Officers defaulted by failing to answer his complaint. This is incorrect because Defendant Officers timely filed their motion to dismiss. *See Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000) (rejecting argument that defendants must answer a complaint before moving to dismiss); *Page v. City of Lansing*, 182 F. App'x 556, 557 (7th Cir. 2006) ("Defendants must respond to a complaint within 20 days of being served … by filing either an answer or another appropriate document such as a motion to dismiss….") (cleaned up).

*v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (cleaned up). That exception applies here: the Court may decide the limitations argument at this stage because the complaint "plainly reveals" that Ericson's claims are untimely. In reality, then, the dismissal motion is being treated as a motion for judgment on the pleadings under Civil Rule 12(c). *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (*citing Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)). It is worth noting too that Ericson's affidavit, which he avers that he is legally disabled, *see* R. 20, Pl. Br. at 4, does not alter the evaluation, because the even taking Ericson's affidavit as true, it does not defeat the statute of limitations (as explained later in this Opinion).

### A. Federal Law Claims

As discussed earlier, Ericson asserts federal law claims against all of the officers for excessive force, conspiracy, and failure to intervene under § 1983, and against Murawski for unlawful search. For § 1983 claims of this type, the Court applies the forum state's statute of limitations for personal-injury claims. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (*per curiam*). A two-year statute of limitations applies to personal-injury actions in Illinois under 735 ILCS 5/13–202, so "§ 1983 claims in Illinois are also governed by a two-year limitations period." *Id.*; *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *Ashafa v. City of Chicago*, 146 F.3d 459, 461–62 (7th Cir. 1998); *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008).

Indeed, none of the parties dispute that the two-year statute of limitations applies. *See* Mot. Dismiss ¶ 4; R. 19, Pl. Resp. to Mot. Dismiss ¶ 4. Ericson's claims

4

accrued on April 30, 2019. Compl. ¶ 7; Pl. Resp. to Mot. Dismiss ¶ 2. So the limitations for Ericson's federal claims expired on April 30, 2021. But Ericson did not file his complaint until June 30, 2022, more than one year after the limitations expired.

In response to all this, Ericson argues that the limitations period should be equitably tolled under 735 ILCS 5/13–211(b). Pl. Resp. ¶ 4. He urges the application of equitable tolling based on his confinement to a "COVID environment," which he argues constituted a legal disability that tolled the statutory period from August 2020 to April 2022. Pl. Br. at 3–4. The Defendants reply that being in a "COVID environment" does not constitute a legal disability for purposes of equitable tolling. R. 21, Defs. Reply at 1–3.

The Court agrees with the defense that the governing law does not deem being confined to a COVID environment, by itself, as a legal disability sufficient to trigger equitable tolling.[6] Under Illinois law, "a person suffers from a legal disability where he or she is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his or her estate or financial affairs." *Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002) (cleaned up). Given this high bar for a finding of legal disability, courts have narrowly interpreted 735 ILCS 5/13–211(b). *See Quinn v. Harris*, 230 F. App'x 595, 597 (7th Cir. 2007) (non-precedential disposition) (applying the same standard, that is, to

---

[6]It is worth noting that, decades ago, the Illinois Code of Civil Procedure tolled the limitations period for prisoners during the time of their imprisonment, but that tolling provision was repealed in 1991. *See Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996).

5

qualify as legally disabled for tolling, a plaintiff must wholly lack capacity to make or communicate decisions and be totally unable to manage financial affairs); *Bloom v. Braun*, 739 N.E.2d 925, 932–33 (Ill. App. Ct. 2000).

As the case law demonstrates, the statutory legal-disability tolling provision protects plaintiffs with severe *mental-health* conditions that prevent them from bringing a claim. *See, e.g.*, *W. by Grove v. Rockford Mem'l Hosp.*, 812 F. Supp. 833, 836 (N.D. Ill. 1992) (tolling the limitations period based on the plaintiff's permanent and severe brain damage); *Alber v. Illinois Dep't of Mental Health & Dev. Disabilities*, 786 F. Supp. 1340, 1359 (N.D. Ill. 1992) (tolling the limitations period because the plaintiffs' low I.Q. and significant intellectual impairments rendered them "totally and functionally incapable of making any voluntary or informed decisions about their personal care, treatment or custody") (cleaned up); *Est. of Riha v. Christ Hosp.*, 544 N.E.2d 403, 405 (1989) (holding that the plaintiff's schizophrenia and mental illnesses constituted a legal disability that tolled the limitations period). In contrast, Ericson's only explicitly made argument is that he was legally disabled because he was "confined to a COVID environment." Pl. Br. at 3–4. Nothing in that argument presents a mental-capacity obstacle that prevented him, within the meaning of 735 ILCS 5/13–211(b), from filing the lawsuit due to a legal disability.

Marching on from *statutory* tolling, because Ericson is proceeding *pro se*, the Court expansively reads his response brief to raise the prospect of *equitable* tolling. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (explaining the requirement to read *pro se* filings expansively) (citing *Erickson v. Pardus*, 551

U.S. 89, 94, (2007) (per curiam)); *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (reminding courts to "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers").

Even construing Ericson's brief and affidavit broadly, however, there is no basis to equitably toll the limitations period. Courts have uniformly held that the COVID-19 pandemic by itself does not, as a matter of law and across-the-board, trigger equitable tolling. *See Katz v. United States Dep't of Lab.*, 857 F. App'x 859, 864 (7th Cir. 2021); *see also Flowers v. Stec*, 2023 WL 15474, at *4 (N.D. Ill. Jan. 2, 2023) ("Surely, the COVID-19 pandemic constituted an extraordinary circumstance for society at large, but the mere existence of the coronavirus pandemic does not warrant equitable tolling.") (cleaned up); *McGee v. Dennison*, 2021 WL 4745664, at *3 (N.D. Ill. Sept. 30, 2021). A plaintiff must allege some specific connection between the pandemic and the failure to timely pursue litigation. *See McGee*, 2021 WL 4745664, at *3 (holding that there was no valid basis for equitable tolling where the plaintiff offered "no explanation or evidence for how COVID-19 ... prevented him from filing in a timely manner"); *Randle v. Simmons*, 2022 WL 15454407, at *5 (N.D. Ill. Oct. 27, 2022).

Here, Ericson does not allege any unique hardship that limited his ability to file a complaint, and certainly not to excuse a delay of more than one year. It would be one thing if the limitations period expired right when the initial COVID-19 lockdowns happened and lawyers and litigants scrambled to adjust. But Ericson alleges nothing of the sort, *see* Pl. Br. at 3–4, and indeed the limitations period did

7

not expire until April 30, 2021. The District Court Clerk's Office stayed open throughout the pandemic and the Court continuously accepted pleadings.[7] Even accepting everything that Ericson has averred as true, there is no basis for equitable tolling. The Court dismisses the federal law claims as untimely filed.

## B. State Law Claim

In the Complaint, Ericson also seems to assert violations of state law, citing an Illinois armed robbery criminal provision. Compl. ¶¶ 69–74. Of course Ericson is not permitted to prosecute state crimes, but maybe Ericson was trying to bring Illinois common law claims for battery and conversion. In any event, with the dismissal of the federal law claims, the relinquishes supplemental jurisdiction over the state law claims (if there are any). When all federal claims are dismissed from a case, "there is a presumption that the court will relinquish jurisdiction over any remaining state law claims." *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (per curiam). Indeed, this presumption is statutorily expressed in 28 U.S.C. § 1367(c)(3), which provides for the discretionary relinquishment of jurisdiction over state claims when the claims providing original jurisdiction (here, federal-question

---

[7]The Court's first COVID-related General Order, entered in March 2020 provided: "The U.S. District Court for the Northern District of Illinois shall remain open for all other business. Staff in the Clerk's Office are available by telephone, mail will be received, and intake desks remain open for filings." U.S. District Court for the Northern District of Illinois, General Order 20-0012, *In Re: Coronavirus COVID-19 Public Emergency*, ¶ 11, March 12, 2020, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2020-0012%20-%20In%20Re%20Coronavirus%20COVID%2019%20Public%20Emergency.pdf.

jurisdiction) have been dismissed. To the extent that Ericson was trying to assert state law claims, those claims are dismissed without prejudice.

## IV. Conclusion

Because Ericson filed this lawsuit after the expiration of the statute of limitations, the Defendants' motion for judgment on the pleadings is granted and the federal law claims are dismissed with prejudice. (If Ericson believes that he has evidence that might support equitable tolling, then he must promptly move to vacate the judgment, but he would also have to explain why the evidence was not previously presented.) The Court relinquishes supplemental jurisdiction over any state law claims, which means that Ericson may refile his state law claims in state court (but he might not survive a statute-of-limitations challenge there too). The status hearing of April 28, 2023, is vacated. Final judgment shall be entered.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2023

9